Hawkins, J.,
delivered the opinion of the Court.
The presentment in the case charges that “J. H. Blackburn, on the 20th day of April, 1865, in DeKalb County, did bet on a horse race, money, bank notes, greenbacks, and other valuable property; said race not being run on a legally licensed track.”
At the October Term, 1865, of the Circuit Court for said County, the defendant was tried upon a plea of “not guilty,” and convicted; he moved for a new trial, which was refused; he then moved in arrest of judgment, which was sustained, and the judgment was arrested, upon the ground the presentment charged no offense against the laws of Tennessee; and the Attorney General has appealed tó this Court.
Former adjudications of this Court, upon Statutes enacted prior to the adoption of the Code, for the prevention and punishment of gaming and horse-racing, and which have been substantially transferred to the Code, are conflicting. . In the case of the State vs. Posey, 1 Hum., 384, and in the case of Dobkins vs. The State; 2 Hum., 424, the language of the pre *237 sentments was substantially the same, employed in the one now under consideration. In the former, this Court held, the presentment was good, and did charge an offense, and in the latter case, it was holden, the presentment charged no offense against the laws of Tennessee, and was, therefore, fatally defective; and if there had been no change in the law since these adjudications, we should feel constrained to follow the latter, and affirm the judgment of the Circuit Court. But by section 4870 of the Code, enacted since the decision of the cases before referred to, “If any person play at any game of hazard or address, for money or other valuable thing, or mate any bet or wager, for money or other valuable thing, he is guilty of a misdemeanor.” Now, what is the plain and obvious meaning of this section? We think the language susceptible of but one construction; by its very terms, it declares two offenses — one is, the playing at any game of hazard or address, for money or other valuable thing; and the other is, the making of “any bet or wager, for money or other valuable thing.” Then the simple act of betting is, by this section, declared to be an offense, for the commission of which the guilty party is liable so indictment or' presentment, and punishment. And the charge, that the defendant bet money upon a horse-race, which was not run upon a licensed track, is no less a charge that he did bet, than is a charge that he bet upon a game of cards. In either case, the language contains' a charge of betting. Whether it be necessary to add to the charge of betting, the *238 specific game, contest or issue upon which the bet or wager was laid, we do not now determine; hut if it he done, as was done in this case, it only throws upon the prosecution the onus of proving, as in this case, that the bet was upon a horse-race, which was not run upon a licensed track; a result of which the defendant would not complain before, and cannot be heard to complain after the verdict.
The law was made for the prevention, discouraging and suppression of gaming — its terms are unambiguous. The Legislature has prescribed no limitations or restrictions upon its construction or application. We can impose none; and were it susceptible of different constructions, we should feel it to be the duty of the Courts of the country to give it that construction, which, without doing violence to the language employed, would most tend to the accomplishment of the object of the Legislature. To give it any other construction than that which we have given, would most clearly be doing violence to the plain letter of the law, and, instead of aiding, would tend to defeat the object of the law, and facilitate the escape of offenders.
It can make no difference, that the presentment was framed with the view of charging an offense against some one provision of the Code. By the verdict of the jury, the defendant stands convicted of the charge in the presentment, and a new trial upon the facts, has been refused him. The question is not, now, what offense was intended to be charged, but *239 does the presentment charge an offense against the laws of the State, for which the defendant is liable to presentment and punishment.
The judgment of the Circuit Court, in arresting the judgment upon the finding of the jury, is erroneous, and will he reversed; and the cause remanded, when the Circuit Court will proceed to pronounce judgment upon the verdict. •